UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 3:17-CV-00834-PPS-MGG |
| v. | ) |
| | ) |
| CITY OF ELKHART, | ) |
| STEVE REZUTKO, | ) |
| EDWARD WINDBIGLER, | ) |
| STEVEN AMBROSE, and | ) |
| TOM CUTLER, in their individual capacities | ) |
| | ) |
| Defendants. | ) |

## REPORT OF PARTIES' PLANNING MEETING

1. **Conference of counsel**

   The parties exchanged emails with planning proposals and held a planning meeting by telephone and under Fed. R. Civ. P. 26(f) and agreed to this report on January 17, 2018. Elliott R. Slosar participated for the plaintiff, Martin W. Kus participated for the defendant City of Elkhart and Andrew S. Williams and Michelle K. Floyd participated for defendants, Steve Rezutko, Edward Windbigler, Steven Ambrose and Tom Cutler.

2. **Jurisdiction**

   The court has original jurisdiction under 28 U.S.C. ' 1331 based upon the plaintiff's allegations that he was convicted of a felony Robbery Resulting in Serious Bodily Injury in the Elkhart County in violation of his due process rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and deprived of his federal constitutional rights under color of law pursuant to 42 U.S.C. '1983. The plaintiff also alleges state law supplemental claims against the defendants.

**3. Pre-Discovery Disclosures**

The parties will exchange Rule 26(a)(1) information by **February 28, 2018.**

**4. Discovery Plan**.

The parties propose that discovery will be needed on the following subjects:

a. Issues concerning liability of the municipal and individual defendants;

b. Issues concerning damages alleged by the plaintiff.

Disclosure or discovery of electronically stored information should be handled as follows:

> The parties have discussed preservation and disclosure of electronically stored information (ESI) including a timetable for making materials available to the opposing parties. To the extent the parties request filed or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the request. To the extent a party requests to examine a hard drive, server, computer, voice mail system or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.
>
> Disclosures of ESI will be limited to data that is reasonably available and accessible to parties in the ordinary course of business. The parties agree to limit disclosures of and production of ESI to computer hard drives and central servers and any archived email databases as utilized by the parties. The inadvertent production of any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to attorney/client privilege or work product doctrine immunity, provided the producing party promptly notifies the receiving party of the inadvertent production. Upon notification, the receiving party shall retrieve and return any such material and the receiving party's counsel shall not use such information for any purpose until further order of the court. Any analyses, memoranda or notes which were generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information. The producing party must also preserve the information until any dispute regarding the ESI or document is resolved.
>
> At this time the parties do not know of additional electronic discovery issues that

may arise. If additional issues arise not governed by this supplement, the parties agree to work in good faith toward resolution of the matter before bringing the issue to the court's attention.

The last date to complete all fact discovery is **May 1, 2019**.

Maximum of **30** interrogatories by each party to any other party.

Maximum of **30** requests for admission by each party to any other party.

Maximum of **25** depositions by plaintiff(s) and **25** depositions by defendant(s).

The parties disagree on the maximum number of depositions necessary in this case. The plaintiff believes that due to the complexity of this litigation, he will likely need to exceed the 25 deposition limit referenced in this report and he reserves the right to petition this Court for additional depositions during the course of this litigation. Defendants believe the 25 deposition limit is appropriate and they reserve the right to object to plaintiff's deposition requests in excess of that limit.

Each deposition is limited to a maximum of **7 hours**.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report by:

**June 1, 2019** for plaintiff;

**July 2, 2019** for defendants; and

**August 1, 2019** for rebuttal expert disclosures by all parties.

5. **Other Items.**

The last date the plaintiff(s) may seek permission to join additional parties and to amend the pleadings is **March 9, 2018**.

The last date the defendant(s) may seek permission to join additional parties and to amend the pleadings is **March 9, 2018.**

The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

The case should be ready for jury trial by the end of 2019 or the beginning of 2020 and at this time is expected to take approximately **10** days.

6. **Alternative Dispute Resolution.**

The parties have briefly discussed settlement during their Rule 26(f) conference and agreed that such discussions are premature at this point but recognize that mediation may be appropriate as some later date and will update the Court once a decision on that matter is made.

Date: January 17, 2018

/s/ Elliot R. Slosar
Counsel for Plaintiff
Arthur Loevy
Jon Loevy
Mike Kanovitz
Gayle Horn
Heather Lewis Donnell
Elliot R. Slosar
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607

/s/ Martin W. Kus
Counsel for Defendant City of Elkhart
Martin W. Kus
Matthew J. Hagenow
Nicholas T. Otis
NEWBY, LEWIS, KAMINSKI & JONES, LLP
916 Lincolnway, P. O. Box 1816
La Porte, IN 46352-1816

/s/ Andrew S. Williams
Counsel for individual defendants, *Rezutko, Ambrose, Cutler and Windbigler*
Andrew S. Williams
Michelle K. Floyd
HUENT SUEDOFF KALAMAROS, LLP
803 South Calhoun St, 9th Floor
Fort Wayne, Indiana 46858-1489