UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH COOPER, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) CAUSE NO. 3:17CV834-PPS |
| | ) |
| STEVE REZUTKO, ET AL., | ) |
| | ) |
| Defendant(s). | ) |

**SCHEDULING ORDER AND MEMORANDUM OF STATUS CONFERENCE**

In accordance with Fed. R. Civ. P. 26(f), a Rule 16 Preliminary Pretrial Conference was held on February 20, 2018, plaintiff(s) were represented by Elliot R. Slosar and defendant(s) were represented by Michelle K. Floyd and Martin W. Kus.

1. <u>Pre-Discovery Disclosures</u>. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **February 28, 2018**.

2. <u>Discovery Plan</u>.

The last date for the completion of all discovery is **May 1, 2019**.

Each party may serve a maximum of 30 interrogatories and 30 requests for admission on any other party.

Each party may conduct a maximum of 25 depositions, limited to maximum of 7 hours, unless extended by agreement of parties.

The Court having considered the parties submission concerning electronic discovery disputes, now adopts and incorporates by reference the parties agreement as contained in the Report of Parties Planning Meeting of **January 17, 2018.**

1

The serving of reports from retained experts under Rule 26(a)(2) are due from plaintiff(s) by **June 1, 2019**; and from defendant(s) by **July 2, 2019**.

Supplementation under Rule 26(e) due every **six weeks** until trial.

3. Other Items.

The last date for the parties to amend the pleadings without leave of court is **March 9, 2018.** Thereafter, any amendments to the pleadings must be by motion and leave of court.

The timing of filing pretrial disclosures under Fed. R. Civ. P. 26 (a)(3) shall be governed by separate order.

Because the presiding judge will set the deadline for dispositive motions and trial date, the summary judgment deadline in FRCP 56 shall not apply in this case.

Additionally, consistent with Local Rule 16-6(b), the parties are directed to name the mediator they have agreed upon by **March 22, 2018** and to conduct mediation no later than **July 1, 2019**. If the parties can not agree upon a mediator, or if none is named, the court will appoint a mediator.

**SO ORDERED.**

Dated this February 20, 2018.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

**EXPLANATION OF SCHEDULING ORDER:**
This explanation attempts to resolve ambiguities that have arisen in the past concerning the meaning of deadlines and other issues. The scheduling order must be enforced to allow the orderly handling of all the cases on the court's docket. Accordingly, pursuant to Fed. R. Civ. P. 16(b) and § 2.03(g) of this court's Civil Justice Expense and Delay Reduction Plan, the deadlines will be modified only for good cause shown. This explanation of the scheduling order is meant to assist you in preparing the case within those deadlines, without running afoul of any

misinterpretation.

A. Discovery.
   1. Time limit for discovery requests. All discovery other than depositions must be initiated at least forty-five days before the cut-off date. A deposition commenced at least five days before the cut-off date may continue beyond the cut-off date. Notices of deposition shall be served on opposing counsel at least fifteen days before the deposition date.
   2. Discovery disputes. Fed. R. Civ. P. 1 requires that the rules of procedure be construed to secure the just, speedy, and inexpensive determination of every action. Accordingly, discovery should be consistent with the needs and importance of the case, and be so conducted as to minimize the burden of discovery and concentrate on issues genuinely in dispute. You should be able to resolve substantially all discovery disputes without the court's intervention or assistance. You should note N.D. Ind. L.R. 37-1 concerning the obligation of counsel to confer before enlisting the court's assistance under Fed. R. Civ. P. 26 or 37. To allow the court's compliance with Fed. R. Civ. P. 26(c) and 37(a)(4) in the event a discovery dispute reaches the court, you should be prepared to state, in terms of hours expended and hourly rate, the fees and expenses incurred with respect to the discovery issue.

B. Other matters.
   1. Modification of order; continuances. Continuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired. See Fed. R. Civ. P. 16(b); Civil Justice Plan § 2.03(g). Lack of diligence or failure to comply with the scheduling order cannot be considered good cause. Absent disabling circumstances, the deadline for completion of discovery will not be extended unless there has been active discovery. Stipulations for extensions will be considered, of course, but, without more, do not amount to good cause for an extension of a deadline. A motion to extend the discovery deadline should set forth (a) a statement of the discovery completed, (b) a specific description of the discovery that remains to be done,(c) a statement of the reason(s) discovery was not completed within the time allowed, and (d) a proposed schedule for the completion of the remaining discovery.
   2. Briefing schedules. The briefing schedule set forth in N.D. Ind. L.R. 7-1 shall apply to all motions, other than motions for enlargement of time and summary judgment motions. In other words, the response to any motion (other than for enlargement of time or for summary judgment) shall be due not more than fourteen days after service of the motion, and the movant's reply shall be due not later than seven days after service of the response. If you do not intend to file a response or reply, please inform the courtroom deputy clerk, Sharon Macon (574-246-8104), so that no unnecessary delay arises from awaiting a brief that will not be filed. While the parties may have agreed to a deadline for the filing of a dispositive motion, the presiding judge will set that deadline as well as a deadline for filing Daubert motions and a trial date. The court will presume that motions for enlargement of time (other than for extension of the deadlines set forth in this order) will not be opposed; if you intend to oppose a request for enlargement of time, notify the courtroom deputy clerk immediately.
   3. Settlement. The court encourages counsel to pursue the possibility of settlement vigorously during the entire pendency of this action, through and including the end of trial. Private negotiations are the most cost-effective approach to settlement. Civil Justice Expense and Delay Reduction Plan, § 4.01.
   4. Further conferences or hearings. Hearings on motions will be scheduled as needed. If

lengthy discovery has been allowed, interim status conferences may be scheduled to monitor the case's progress and address any issues that may have arisen.

Form 101216