UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:17-CV-834-PPS-MGG |
| | ) |
| STEVE REZUTKO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On September 26, 2019, the undersigned held a hearing to address five motions now pending and ripe before this Court and rules as follows.

**I.    MOTION TO STRIKE DAGGY ERRATA SHEET**

In their Joint Status Report dated September 23, 2019, the parties reported their agreement that resolution of the evidentiary issue raised in Plaintiff's Motion to Strike Mark Daggy's Errata Sheet could be deferred until the Court addresses dispositive motions. Based upon this agreement, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to strike. [DE 97]. None of the parties' arguments are waived and the parties may file any necessary motions related to the Daggy Errata Sheet along with any dispositive motions in this case.

**II.    MOTION FOR ADDITIONAL INTERROGATORIES**

In its Scheduling Order dated February 20, 2018, this Court limited each party to 30 interrogatories to be served on any other party. [DE 28]. Defendant City of Elkhart

("the City") served its First Set of Interrogatories, which included 26 numbered interrogatories, some with subparts, on Plaintiff. In responses served on August 24, 2018, Plaintiff refused to answer three of the interrogatories because with subparts, the previous 23 interrogatories met the limit of 30 set by the Court. [DE 120-1].

The City now seeks the Court's permission to re-serve the remaining three interrogatories on Plaintiff and to serve an additional twelve interrogatories on Plaintiff to address matters relevant to the claims and defenses in this case that have arisen since its original interrogatories were served. In particular, the City seeks information related to non-party Johlanis Ervin who has become known as an individual with information about Plaintiff's alleged exoneration and his damages.

Having reviewed the briefs and the parties' oral argument, the Court finds that the additional interrogatories are reasonable in number and scope given the complexity of this case. Therefore, the Court **GRANTS** the City's motion for additional interrogatories. [DE 120]. The City may serve Plaintiff with the fifteen additional interrogatories discussed in its instant motion.

### III. Motion to Compel and Motion for Protective Order

At the hearing, Plaintiff's counsel spent considerable time explaining why Plaintiff needs the information at issue in the parties' competing motion to compel and motion for protective order. Counsel presented information that the City's attorney indicated he had not heard before. Similarly, Plaintiff's counsel articulated a more concise and complete explanation than what had been included in his briefing of the instant discovery motions. While Plaintiff's counsel's explanation did not establish

2

complete agreement among the parties about the remaining discovery disputes, the City's counsel indicated Plaintiff's counsel's revelations create additional room to negotiate resolution of most, if not all, the remaining discovery issues.

Moreover, the argument presented at the hearing increased the Court's concern about whether Plaintiff fulfilled his duty under Fed. R. Civ. P. 37(a)(1) and N.D. Ind. L.R. 37-1(a) to confer in good faith with the opposing parties to try and resolve the disputes at issue in the motion to compel without the Court's assistance. The allegations raised as to Plaintiff's counsel's refusal to engage in a meet and confer before filing the motion to compel are particularly concerning given the fact that the undersigned was already forced to chastise the parties for failing to meet and confer as ordered in preparation for the hearing. [*See* DE 155].

Therefore, the Court will **TAKE UNDER ADVISEMENT** Plaintiff's motion to compel [DE 73] and the City's motion for protective order [DE 89] in order to afford the parties time to capitalize on the opportunity created at the hearing for additional negotiation related to the remaining discovery disputes. The Court **ORDERS** the parties to meet and confer and file a Joint Status Report no later than **October 28, 2019**. The Court **DIRECTS** the parties to consider all options discussed at the hearing, including but not limited to, the possibility of a stipulated protective order to allow Plaintiff's counsel to inspect files controlled by Defendants with the protections available through designations of 'confidential' or 'attorneys eyes only' information. Upon receipt of the Joint Status Report, the Court will take appropriate action to resolve formally the motion to compel and motion to protective order.

Lastly, the Court **REITERATES** its warning to the parties and their counsel to avoid vituperative and incendiary comments, in filings and all other interactions in this litigation, against the opposing parties and attorneys. Such conduct will not be tolerated and will be sanctioned as appropriate.

**IV. MOTION FOR SANCTIONS**

The undersigned will address Plaintiff's motion for sanctions [DE 72] through a separate Report and Recommendation in the near future.

**V. CONCLUSION**

As discussed above, the Court now

(1) **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Strike the Daggy Errata Sheet [DE 97];

(2) **GRANTS** the City's Motion for Additional Interrogatories [DE 120]; and

(3) **TAKES UNDER ADVISEMENT** Plaintiff's Motion to Compel [DE 73] and the City's Motion for Protective Order [DE 89] and **ORDERS** the parties to meet and confer and file a Joint Status Report no later than **October 28, 2019**.

A Report and Recommendation regarding Plaintiff's Motion for Sanctions [DE 72] will be issued separately.

**SO ORDERED** this 27th day of September 2019.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge