# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| KEITH COOPER, ) | |
| ) | |
| Plaintiff, ) | Case No. 17-CV-834 |
| ) | |
| v. ) | |
| ) | HON. PHILIP P. SIMON |
| CITY OF ELKHART, et al., ) | |
| ) | MAG. MICHAEL G. GOTSCH, SR. |
| Defendants. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO SET DEADLINES THROUGH TRIAL

Now Comes the Plaintiff, KEITH COOPER, by and through counsel, and hereby respectfully submits this motion to set deadlines through trial. In support, Plaintiff states as follows:

1. On August 11, 2021, Plaintiff filed his motion to set deadlines through trial. Dckt. No. 246.

2. In response, Defendant City of Elkhart seeks to extend the proposed deadlines by more than two months. Dckt. No. 247. Specifically, Defendant City of Elkhart seeks to adjust the proposed disclosure deadlines as follows:

   a. Plaintiff's expert disclosures: October 15, 2021
   b. Defendants' expert disclosures: December 15, 2021
   c. Rebuttal disclosures: January 14, 2022

1

3. Plaintiff does not oppose Defendants' adjusted expert disclosure deadlines referenced above. However, Plaintiff does oppose Defendant City of Elkhart's request for an expert discovery cutoff of February 28, 2022.

4. Given that Defendant City of Elkhart has requested an extra month to produce their disclosures, Plaintiff presumes that Defendants will seek to depose Plaintiff's experts during that period of time. Further, given that Defendants' disclosures are due by December 15, 2021, Plaintiff will have sufficient time to depose Defendants' experts by January 31, 2022. For this reason, Plaintiff asks this Honorable Court to set an expert discovery cutoff of January 31, 2022, which will provide sufficient time for the parties to conclude expert discovery.

5. Given the age of this case, Plaintiff respectfully asks that the dispositive motion deadlines be set in advance of the closure of expert discovery. Defendant City of Elkhart objects to this request, stating "deadlines for dispositive motions along with a trial date are typically set by the presiding judge, who in this case is Judge Phillip P. Simon, at the conclusion of all discovery." Dckt. No. 247 at 2-3. Defendant's objection is not based on an enunciated Local Rule and Plaintiff has yet to identify one that precludes such deadlines being set in advance of the expert discovery deadline. Defendants' suggestion only serves to further indefinitely delay this litigation.

6. Given the adjusted proposed expert discovery schedule discussed above, Plaintiff seeks the entry of the following deadlines for dispositive motions.

    a. Any dispositive motions to be filed by February 7, 2022.

      b. Any responses to dispositive motions due March 10, 2022.[1]

      c. Any replies due April 1, 2022.

7.    With this proposed schedule, Plaintiff anticipates this case would be ready for trial by the late summer or early fall of 2022.

8.    Finally, while Defendant City of Elkhart "does not agree with the plaintiff's statement that the deposition of William Polansky has no bearing on liability in this case," it declines to identify any basis for which Mr. Polansky's deposition would bear upon liability or dispositive motion practice. It simply doesn't. Mr. Polansky was post-conviction counsel for Mr. Cooper nearly a decade after his wrongful conviction and has already been deposed regarding Mr. Cooper's post-conviction claims. Any potential further testimony has no bearing on liability or dispositive motion practice.

RESPECTFULLY SUBMITTED,

/s/ Elliot Slosar

*One of Plaintiff's Attorneys*

---

[1] Plaintiff's lead counsel has a two-week trial beginning March 14, 2022 in the Eastern District of Kentucky. To the extent that these deadlines are not adopted, Plaintiff would seek to set deadlines that would avoid briefing by Plaintiff during trial.

## **CERTIFICATE OF SERVICE**

    I, Elliot Slosar, an attorney, hereby certify that on the September 1, 2021, I served a complete copy of this Motion with the Clerk of the Court CM/ECF system thereby serving all counsel of record.

                                                          /s/ Elliot Slosar